JUDGE PETERS
deliveked the opinion oe the covrt:
On the 11th of January, 1860, Abell and Winsatt, sold and conveyed to appellee, T. J. Clark, a certain lot in the town of Lebanon, at the price of $450, no part of which was paid down, and a lien was retained in the deed for the purchase money.
The deed was acknowledged by Abell oh the 11th, and by Winsatt on the 12th of January, 1860, before the clerk of the Marion county court, and ordered to be recorded, but was not recorded until the 9th of April, 1861.
On the 5th of March, 1860, Clark and wife sold and conveyed the same lot to D. W. Phillips for $450 — $150 of which were paid down, and the balance was to be paid on a future day. This deed was acknowledged by Clark, before the proper officer on the day it bears date, and by Mrs. Clark, on the 7th of May, 1860, and ordered to be recorded.
On the 7th of May, 1860, D. W. Phillips, in consideration of four hundred and fiity dollars, expressed to have been paid in hand at the time, sold, and conveyed the same lot to B. J. Bea-ven and Elias Russell. This deed was acknowledged before the proper officer the day it bears date; and all of said deeds were left in the office for registration.
In the latter part of May, 1860, and subsequent to the several conveyances referred to, Clark, who continued in the possession of the lot from the time of his purchase from Winsatt and Abell, and was at that time in possession, contracted with R. M. Knott, a carpenter, to construct a building on said lot. Knott immediately commenced the building, which he completed in August, 1860, and on the 1st of September, thereafter, settled with Clark therefor, when Clark was found indebted to him in the sum of $280, and for which he executed his note payable two months from date.
On the 9th of April, 1861, Knott and J. G. Phillips, to whom it is alleged Knott had assigned Clark’s note, brought a suit in equity against Clark and wife, Winsatt and Abell, D. W. Phillips, Elias Russell and Benedict J. Beaven to coerce the collection of the balance due on said note, by a sale of the house *350 and lots, $62 50 having been paid by Clark on the 4th of March, 1861, alleging in their petition the foregoing facts, and in addition thereto they allege that Beaven and Russell purchased the lot from I). W. Phillips for Clark, who, in fact, advanced the means to pay for it, and procured the deed to be made to Beaven and Russell by Phillips to cover and protect it from the creditors of Clark, and that they hold it in secret trust for his use and benefit. ■ That the lot is situated in the most business part of the town of Lebanon, opposite the court house; that Beaven and Russell resided, in 1860, in the county of Marion, were frequently during that year in Lebanon; that they never had the lot in possession, and never exercised any control over it; that they were in Lebanon repeatedly while the building was in progress, knew Knott was constructing it on the lot; that they never informed him of their claim, made no objection to the erection of the house, and had no interview with him whatever; that Knott and his assignee were wholly ignorant that they had any claim upon the lot, had no notice of it, and had never heard of their claim until a few days before the institution of this suit; that the deed from D. W. Phillips to them was invalid and could'not operate as constructive notice to them of the claim of Beaven and Russell, because, although it had been acknowledged and lodged with the clerk of Marion county, the tax had not been paid on it.
That, by law, a lien existed on the property in favor of Knott, the mechanic, who constructed said house, for the amount due and unpaid on said note, which lien they pray may be enforced for all proper relief.
During the progress of the suit, Knott died, and it was prosecuted afterwards by Phillips alone.
The defendants do not, in their answers, controvert the allegations that Knott was'the mechanic who erected the house under a contract with Clark, the location of the lot, and that Clark was in possession and managed and controled it; but they allege that the purchase was made for the benefit of Mrs. Clark; that Russell, who is her father, had $150 of her funds in his hands; he advanced to her $150, and Beaven, being her uncle, also advanced $150 for her in payment for the lot, and *351 they took the conveyance to themselves in trust for Mrs. Clark, and to enable Beaven to collect the $150 advanced by him. Nor do they controvert the charge that the tax on the deed from Clark to Phillips, and from him to Beaven and Russell were not paid when the suit was commenced.
It is unnecessary to give further attention to the pleadings. Upon the hearing the court below rendered a personal judgment against T. J. Clark for the amount due and unpaid on the note, refused all other relief and dismissed the petition as to the other defendants, from which judgment J. G. Phillips has appealed.
By an act of the Legislature approved 10th of March, 1856, (Session Acts, 1855-6, p. 147, 2 vol.,) it is provided that an act for the benefit of the mechanics of the city of Louisville, approved December 22, 1831, and also sec. 7 of an act for the benefit of the mechanics of Louisville, appi’oved December 22, 1831, (1834 it should be,) are made to apply “to the town of Lebanon and county of Marion.”
By the Ast section of the act of 1831., supra, a lien is .secured to mechanics lumber merchants, and all others performing labor, or furnishing materials for the construction or repair of any building within the city, on the building constructed or repaired, or for which materials have been furnished, to the extent of labor done or materials furnished, (3 vol. Stat. Law, 409.)
By the 7th section of the Act of 1834, supra, the 1st section of the Act of 1831, was so amended as to extend the liens thereby granted to the interest of the employer in the lot and premises on which a building may be constructed or repaired, provided that said section shall not be construed to affect, impair, or injure any lien,.or liens, whether by mortgage, deed of trust or otherwise, which any person or persons, bodies politic or corporate, may Rave on said property. (3 vol. Stat. Law, 411.)
To the extent of Clark’s interest in the property, (if he had any) Knott acquired a lien on it, for the amount due him; and the question arises, will Beaven and Russell be permitted to intervene their claim to defeat Knott and his assignee?
*352 Section 32, chap. 24, p. 284. (1 vol. Rev. Stat., provides that no deed shall be held to be legally lodged for record until the tax be paid thereon. The tax on the deeds from Clark and wife to Phillips, and from him to Beaven and Russell, were not paid until after the building was completed by Knott. These deeds, in consequence of the enactment supra, do not furnish any evidence of constructive notice to him of the claim of Beaven and Russell; they onfy had, as to creditors and purchasers, an equitable title to the lot, and there is no evidence that Knott had actual notice of their claim.
He found Clark in the actual possession of the lot, managing and controling it as he pleased, without a house upon it. The lot yielded but little if any income in that condition. By the labor of Knott, the annual profits are greatly increased, producing a rent for the first year after the house was completed of $200. While this work, so important to the parties, and adding so much to the value of the lot was progressing, Beav-ens and Russell stand by and see it go up from the foundation to the finishing, remain passive and silent during the whole time, and never speak until the mechanic asked to be remunerated for his labor; they then come forward and say they hold the legal title to the lot, holding it however in trust for a married woman, and resist the payment of the claim because the improvement was not made by virtue of any contract or agreement with them or with any one who had ' any authority from them to make such contract. When they should have spoken they are silent, and when they should be silent they speak. But the equitable and well established rule in such cases is, if a man is silent when he ought to speak, equity will debar him from speaking when conscience requires him to be silent. (Roberts on Fraud. Con., 527-8, &c.)
Clark is insolvent, and to permit Beaven and Russell, under the circumstances disclosed in this record, to enjoy the fruits of Knott’s labor, while he goes unremunerated, would be a fraud upon his rights.
There is no evidence, as against appellant, that any trust exists for the benefit of Mrs. Clark; and no sufficient reason is *353 shown to protect the property from being subjected to the payment of appellant’s claim
Wherefore, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.